IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RONALD HUBBARD,              § | |
| (Tarrant No. 0258316)        § | |
|                              § | |
| VS.                          § | CIVIL ACTION NO.4:13-CV-370-Y |
|                              § | |
|                              § | |
| OFFICER M. JOHNSTON          § | |

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Ronald Hubbard's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).  Hubbard, an inmate at the Tarrant County jail, filed a form civil-rights complaint.  In that document he seeks relief under 42 U.S.C. § 1983, and named as defendants City of Fort Worth Police Officer M. Johnston. (Compl. Style; § IV(B).)  In response to Court orders, Hubbard filed a more definite statement, and later, a supplemental more definite statement. Hubbard does not challenge anything about his present confinement, but raises several challenges to the actions of Officer Johnston during his November 27, 2012 arrest and initial book-in. (Compl. § V, attachment pages; More Definite Statement (MDS); Supplemental More Definite Statement Suppl MDS.) Hubbard seeks compensatory (actual), punitive, and nominal damages against Officer Johnston. (Compl. § VI.)

The claims arise from events that took place on November 27, 2012, when Officer Johnston arrested Hubbard.  Hubbard was arrested on a charge of theft between $1500 to $20,000, case number 1305977,

and for evading arrest/motor vehicle, case number 1305976. (MDS ¶ 8.) Although Hubbard's complaint, more definite statement and supplement provided insufficient information about the status of these charges, Court staff telephone inquiry with the Tarrant County Sheriff's office confinement bureau has confirmed that Ronald Hubbard has now been convicted of both charges. Hubbard was convicted in the 432nd Judicial District Court, Tarrant County, Texas, on October 7, 2013, on each charge, and sentenced to 10 years for the evading-arrest charge, case number 1305976; and to one year on the theft charge, case number 1305977.[1]

Hubbard contends that Officer Johnston violated his rights under the First Amendment to the Constitution, because Johnston refused, while still at the scene of the arrest, to allow Hubbard to make a statement explaining that he had been given the keys and an authorization to drive the car he was accused of stealing. (MDS ¶ 1(a).) Hubbard also contends that Johnston refused to take him to a hospital where a psychiatric examination would have shown he did not have the "requisite mental state" to make his actions a crime. (MDS ¶ 1(b).) Next, Hubbard alleges Johnston violated his Fourth Amendment rights because Johnston did not have the right to arrest and search him. (MDS ¶ 2.) Hubbard also contends that Johnston violated his Fifth Amendment rights because he failed to investigate how Hubbard came to have possession of the keys to the car. (MDS ¶

---

[1] The Court takes judicial notice of the public information obtained from the Tarrant County confinement bureau regarding Tarrant County inmate Ronald Hubbard, CID number 0258316. *See* Fed. R. Evid. 901(b)(7)(B).

2

3.) Further, Hubbard alleges that Johnston violated his rights under the Thirteenth Amendment "because he arrested me without knowing all the facts," and because Johnston knew that Hubbard was "being tried and sentenced for something I had no control or intention of even doing." (MDS ¶ 5.)

Johnston also recites the following claim that Johnston used excessive force:

> On Nov. 27th, 2012, I was arrested and Officer M. Johnston kicked me with his foot and hit me in the head repeatedly with his handcuffs.  I was on the ground not resisting arrest.  He hit me until I became unconscious and started bleeding from the top of my head.  He took pictures but never called for medical attention for me.  I asked to be take[n] to the hospital, but he said I would be Okay. He used excessive force and negligence by failing to follow department policies and procedures, knowing that I was injured and needed medial attention, He denied my due process to medical treatment. (Compl. § V.)

Related to this allegation, Hubbard also writes that "it was only officer Johnston who gave chase over the fence after me, no other officer was in the backyard with us . . . but the owners of the house where it took place . . . heard me begging Officer Johnston to don't hurt me anymore before I blacked out." (MDS ¶ 6.)  Hubbard then contends that Johnston refused to take him to the emergency room, and took him to the police station, but refused to give him medical care. (MDS ¶¶ 7-8.) Hubbard also alleges that Johnston did not immediately call for medical attention because he "knew that the doctor would have proved that Hubbard was hit in the head by some type of hard object." (MDS ¶ 7(c).)  Hubbard claims he was not given

3

medical attention until he was taken to the Mansfield jail. (MDS ¶ 7(b).)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and supplemental pleadings under these standards, the Court concludes that many of Hubbard's

---

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id.,*(citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

4

claims under § 1983 must be dismissed, but that he will be allowed to obtain service of process on defendant Johnston on other claims.

With regard to many of Plaintiff's claims, the Court concludes that they are not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking relief from this Court against a local police officer over actions related to the validity of his arrest and convictions in state court. Under *Heck v. Humphrey*,[7] the Supreme Court determined that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[8] Hubbard asserts several distinct claims based upon the alleged violation of different constitutional rights. But all of his claims under the First Amendment, Fifth Amendment, Thirteenth Amendment, and the Fourth Amendment claim that Johnston had no right to search him, must be dismissed. All of these claims arise from and are based upon facts interrelated to the theft charge for which Hubbard was convicted. Because all of such claims by Hubbard in this action challenge his theft conviction, and

---

[7] 512 U.S. 477, 486-87 (1994).

[8] *Heck,* 512 U.S. at 486-87.

5

he has not shown that the theft conviction has been reversed or set aside in any of the manners listed, any claims for damages under 42 U.S.C. § 1983 are not cognizable under *Heck v. Humphrey,* and must be dismissed.[9]

Although *the Heck* principle also applies to § 1983 excessive-force claims, the "determination of whether such claims are barred is analytical and fact-intensive, requiring [courts] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction."[10] In *Bush v. Strain,* the United States Court of Appeals for the Fifth Circuit reversed the district court's determination that *Heck* barred a defendant's § 1983 claim that the arresting officers used excessive force where she had been convicted of resisting arrest:

> [A] § 1983 claim would not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by *Heck,* if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim. Accordingly, a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier

---

[9] *See Heck*, 512 U.S. at 487-88.

[10] *Bush v. Strain,* 513 F.3d 492, 497 (5th Cir. 2008)(citing *Ballard v. Burton,* 444 F.3d 391, 400-01 (5th Cir. 2006)); *see also Wadsworth v. Hock,* No 3:10-CV-220-O(BF), 2012 WL 1555444, at *5 (N.D. Tex. Jan. 6, 2012), rep. and rec. adopted, 2012 WL 1563895, (citing *Ballard,* 444 F.3d at 396, and *Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995)(assuming without deciding that a "finding of excessive force would not 'imply the invalidity' of [a] conviction for resisting a search'")(internal citation omitted)).

resistance.[11]

Guided by *Bush v. Strain* and the cases cited therein, this Court does not have enough information at this time to resolve whether Hubbard's claims arising from the alleged excessive force will be barred by *Heck*. Thus, Hubbard's claims against Johnson for the use of excessive force during his arrest on November 27, 2012, remain pending before the Court.[12]

Therefore, all Plaintiff's claims under the First Amendment, Fifth Amendment, Thirteenth Amendment, and the Fourth Amendment claim that Officer Johnston had no right to search and arrest him, are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[13]

SIGNED November 5, 2013.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[11] *Bush,* 513 F.3d at 498.

[12] Hubbard's claims based upon Johnston's denial of medical care after arrest, no matter the applicable constitutional basis, also remain pending before the Court. Hubbard will be allowed to complete summons for service of the remaining claims upon defendant Johnston through a separate order issued this same day.

[13] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).